IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RANIR, LLC, | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| DENTEK ORAL CARE, INC., and | ) |
| | ) JURY DEMAND |
| PRESTIGE BRANDS HOLDINGS, INC. | ) |
| | ) |
| Defendants | ) |

## COMPLAINT

Plaintiff, Ranir, LLC ("Ranir"), hereby asserts claims of patent infringement against DenTek Oral Care, Inc. ("DenTek Oral") and Prestige Brands Holdings, Inc. ("Prestige") (jointly, "DenTek" or "Defendants"), and alleges as follows:

## PARTIES

1. Ranir is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 4701 East Paris Avenue, Grand Rapids, Michigan 49512.

2. Upon information and belief, DenTek Oral is a corporation organized and existing under the laws of Tennessee, with its principal place of business at 307 Excellence Way, Maryville, Tennessee 37801.

3. Upon information and belief, Prestige is a corporation organized and existing under the laws of Delaware, with its principal place of business at 660 White Plains Road, Tarrytown, New York 10591.

## JURISDICTION AND VENUE

4. There is an actual and justiciable controversy between the parties under the patent laws of the United States, 35 U.S.C. § 271 et seq. as Ranir alleges that Defendants infringe U.S. Patent No. 8,196,587 ("the '587 Patent"). The Court, therefore, has subject matter jurisdiction

pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The Court also has original jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over DenTek Oral pursuant to U.S. Const. Am. XIV and Mich. Comp. Laws §§ 600.705, 600.715 because DenTek Oral transacts business in the state of Michigan and intentionally places the allegedly infringing product into the stream of commerce with the intention that it be sold to consumers in Michigan and in the Western District of Michigan.

6. This Court has further personal jurisdiction over Prestige by virtue of, among other things, its ownership, management, and control of DenTek Oral.  Upon information and belief, since Prestige completed the acquisition of DenTek Oral on February 8, 2016, it has taken over all corporate activities of DenTek Oral, terminated nearly all DenTek Oral employees and operates DenTek Oral as its alter ego.  As such, Prestige has placed the alleged product into the stream of commerce with the intention that it be sold to consumers in Michigan and in the Western District of Michigan.  Further personal jurisdiction over Prestige is established by virtue of Prestige admitting to allegedly being "the largest independent provider of over-the-counter products in North America," including oral care products such as Defendants' Infringing Product on is website. (*See* http://www.prestigebrands.com/about-us/; http://www.prestigebrands.com/products/#oral-care.)

7. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) as Defendants are subject to personal jurisdiction in the Western District of Michigan as they place the allegedly infringing product into the stream of commerce with the intention that it be sold to consumers in Michigan and in the Western District of Michigan.

**PATENT-IN-SUIT**

8. On June 12, 2012, the United States Patent Office lawfully issued the '587 Patent, entitled "Bruxism Protective Device" and showing Ingram S. Chodrow as the inventor and Placontrol, Inc. ("Placontrol"), as the assignee. A copy of the '587 Patent is attached as <u>Exhibit A</u>.

9. On March 23, 2009, Placontrol assigned to Ranir all right, title, and interest in and to U.S. Patent Application No. 12/316,922, which ultimately ripened into the '587 Patent. The assignment grants Ranir all rights to sue for past, present, and future infringements of the '587 Patent and all rights to recover for past, present, and future infringements of the '587 Patent including any and all rights to any accrued, not yet accrued, present, or future infringement causes of action, and the right to recover any and all past, present, and future acts of infringement in the '587 Patent.

10. The '587 Patent has 3 independent claims and 6 dependent claims. Representative Claim 1, with the individual claim limitations numbered, is reproduced below:

> 1. A one-piece molded bruxism treatment device which in upright orientation has top and bottom parts, comprising:
>
>> a. [1(a)(i)] an elongated flexible band having top and bottom edges and having a generally U-shape defining a closed front end part and legs extending rearward along a front-to-rear direction, and adapted to be positioned around the outer surfaces of a person's upper gums and teeth, [1(a)(ii)] said front end and legs having top and bottom edges, each of said legs terminating as a foot having a bottom edge below the bottom edges of said front end and legs,
>>
>> b. [1(b)] said front end top edge having a downward extending recess adapted to provide clearance for a person's frenulum when said device is

positioned in the person's mouth with said band between said person's upper lip and upper teeth, and

c. [1(c)(i)] two generally planar bite pads oriented generally horizontally, each molded with said band to extend contiguously from one of said feet of said band medially toward the other, [1(c)(ii)] each of said bite pads having top and bottom surfaces and adapted to be positioned on one side of the person's jaw between the facing surfaces of a person's upper and lower teeth, and

d. [1(d)] each said bite pads being, resiliently deformable, thus adapted to absorb forces when said bite pad is clenched between the person's upper and lower teeth.

## BACKGROUND

11. Ranir is a respected worldwide manufacturer and marketer of consumer oral care products, such as dental floss, toothbrushes, tooth whiteners, travel kits, and accessories.

12. Ranir manufactures, distributes, and sells ready-to-wear dental protectors designed to protect the teeth and jaw from detrimental effects of nighttime teeth grinding, or "bruxism," and has done so since 2003.

13. Through its commitment to oral care leadership, Ranir has developed a strong reputation for high-quality products and outstanding customer service.

14. On information and belief, Defendants make, have made, import, use, offer to sell, and sell a product in direct competition with a Ranir product. Defendants' product is marketed and sold as DenTek Ready-Fit Disposable Night Guard and infringes the claims of the '587 Patent ("Defendants' Infringing Product"). A depiction of Defendants' Infringing Product is below and attached as Exhibit B.

15. DenTek is not a licensee of the '587 Patent.

16. Prestige is not a licensee of the '587 Patent.

17. Defendants do not receive their Infringing Product from a licensee of the '587 Patent.

18. Defendants' Infringing Product infringes one or more claims of the '587 Patent.

## COUNT I: INFRINGEMENT OF THE '587 PATENT

19. Ranir realleges and incorporates by reference each of the preceding paragraphs.

20. On information and belief, Defendants, directly or through the actions of their employees, divisions, and/or subsidiaries, have infringed and continue to infringe the '587 Patent directly, literally, and/or by equivalence.

21. Defendants' Infringing Product possesses all of the limitations of at least representative claim 1 of the '587 Patent.

22. Defendants' Infringing Product is a one-piece molded bruxism treatment device which, when in upright orientation, has both top and bottom parts.

23. Defendants' Infringing Product possesses limitation [1(a)(i)] of representative claim 1 because it has an elongated flexible band having top and bottom edges and having a generally U-shape defining a closed front end part and legs extending rearward along a front-to-rear direction:



Further, this elongated band of Defendants' Infringing Product is adapted to be positioned around the outer surfaces of a person's upper gums and teeth.

24.     Defendants' Infringing Product possesses limitation [1(a)(ii)] of representative claim 1 because the front end and legs have top and bottom edges, and each leg terminates at a foot having a bottom edge below the bottom edges of said front end and legs:



25.     Defendants' Infringing Product possesses limitation [1(b)] of representative claim 1 because the front-end top edge has a downward extending recess adapted to provide clearance for a person's frenulum when the device is positioned in the person's mouth with the band between the user's upper lip and upper teeth:



Further, this downward extending recess is adapted to provide clearance for a person's frenulum when said device is positioned with said band between person's upper lip and teeth.

26.     Defendants' Infringing Product possesses limitation [1(c)(i)] of representative claim 1 because it contains two generally planar bite pads oriented generally horizontally, each molded with said band to extend contiguously from one of said feet of said band medially toward



the other:

As shown, above, these bite pads are also generally planar and are molded to the band medially towards each other.  Further, Defendants' Infringing Product instructions refer to the

7

bite pads as bite plates (see Exhibit B), demonstrating that Defendants believe the bite pads are in a generally planar alignment.

27.     Defendants' Infringing Product possesses limitation [1(c)(ii)] of representative claim 1 because each bite pad has top and bottom surfaces and is adapted to be positioned on one side of the person's jaw between the facing surfaces of a person's upper and lower teeth:



top and bottom surfaces

Further, these bite pads are adapted to be positioned on each side of the person's jaw between the facing surfaces of a person's upper and lower teeth.

28.     Defendants' Infringing Product possesses limitation [1(d)] of representative claim 1 because each bite pad is resiliently deformable, and thus adapted to absorb forces when the bite pad is clenched between the person's upper and lower teeth.

29.     Defendants' Infringing Product also infringes at least claims 2, 3, 4, 8, and 9. Through further investigation and discovery, Ranir may determine that additional claims are being infringed, and Ranir reserves the right to assert additional claims.

30.     On information and belief, Defendants have infringed and continue to infringe the '587 Patent literally and/or by equivalence under 35 U.S.C. § 271 by making, using, offering for sale, selling, and/or importing Defendants' Infringing Product.

31.     On information and belief, at least as of the filing of this Complaint, Defendants' infringement of the '587 Patent is and has been willful and deliberate, and, further, Defendants' continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '587 Patent.

## DAMAGES AND RELIEF

32. As a consequence of Defendants infringement of the '587 Patent, Ranir has been damaged in an amount not yet determined and will suffer additional irreparable damage unless Ranir's infringing acts are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Ranir respectfully requests that the Court enter judgment against Defendants:

A. Determining that Defendants have infringed and continue to infringe one or more claims of the '587 Patent;

B. Preliminarily and permanently enjoining Defendants, their respective officers, agents, servants, directors, employees, and attorneys, and all persons acting in concert or participation with them, directly or indirectly, or any of them who receive actual notice of the judgment, from further infringing the '587 Patent;

C. Ordering Defendants to account for and pay to Ranir all damages suffered by Ranir as a consequence of Defendants' infringement of the '587 Patent, together with all pre-judgment and post-judgment interests and costs as fixed by the Court;

D. Trebling or otherwise increasing Ranir's damages under 35 U.S.C. § 284 on the grounds that Defendants' infringement of the '587 Patent was and is deliberate and willful; and

E. Granting Ranir such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Ranir demands a trial by jury on all issues so triable.

*   *   *

Dated: June 15, 2016

/s/ R. Michael Azzi
R. Michael Azzi (P74508)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
616.752.2000
*Attorneys for Plaintiff*


/s/ Barry F. Irwin
Barry F. Irwin, P.C.
Reid P. Huefner
Adam J. Reis
Irwin IP LLC
1333 Burr Ridge Parkway, Suite 200
Burr Ridge, IL 60527
Phone: 630.756.3101
Facsimile: 630.756.3001
birwin@irwinip.com

*Of Counsel Attorneys for Plaintiff Ranir, LLC*